THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARIO COLBERG, Defendant and Appellant.

No. 8581. Argued: May 9, 1941.—Decided: May 19, 1941.

634

*P. N. Colberg,* for appellant; *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

Mario Colberg was sentenced by the Municipal Court of Cabo Rojo for a violation of Act No. 25 of July 17, 1935 (2) page 152, and on appeal the District Court of Mayagüez found him guilty, and sentenced him on September 16, 1940. On this date the defendant appealed to this Court, and on March 24, 1941, he requested that his appeal be dismissed. His petition was granted on the 26th of March, when his appeal was discontinued.

It appears from the record that on March 14, 1941, the defendant filed in the lower court a second notice of appeal.

In the view of the above stated facts, the Prosecuting Attorney of this Court filed a motion on the day set for the hearing of the case on its merits, requesting the dismissal of the appeal because the second notice of appeal was filed when the period of 30 days provided by Section 345 of the Code of Criminal Procedure for appeals in misdemeanor cases originated in municipal courts, had elapsed, the judgment being therefore final and this Court having no jurisdiction over the case.

It is Section 1 of "An Act providing for appeals in criminal cases", approved on May 28, 1904, which is inserted, following Section 345, (1935 edition) of said Code, which is applicable to this case, and not Section 345 of the Code of Criminal Procedure. Said Section provides as follows:

"Section 1.—That either party in a criminal action, originating in a district court, may appeal to the Supreme Court, in the manner prescribed by Title IX of the Code of Criminal Procedure; and in like manner, either party may appeal to the Supreme Court from the final judgment of a district court, in a criminal case involving a violation of the insular penal laws, and originating in a municipal court; *Provided, however, That in cases originating in a municipal court the appeal from the judgment of the district court must be taken within thirty days from. the entry of the judgment.* (Italics supplied.)

The case at bar was appealed from the Municipal Court of Cabo Rojo, and judgment having been rendered by the lower court on September 16, 1940, the notice of appeal should have been filed within the following 30 days. After the first appeal had been dismissed on motion of appellant, his second notice of appeal was filed on March 14, 1941, when said term of 30 days had already elapsed.

The rule established in the cases of *Orellana* v. *People,* 46 P.R.R. 200; *Flores* v. *District Court,* 49 P.R.R. 118, and *People* v. *González,* 57 P.R.R. ___, cited by the appellant in a pleading filed in opposition to the dismissal requested by the prosecuting attorney, filed on May 14, 1941, is not applicable to the case at bar. Said cases construed Section 349 of the Code of Criminal Procedure which grants a period of 6 months to appeal from judgments rendered by the district courts in cases that arise therein. Section 1 of the Act of 1904, *supra,* established a special term of 30 days within which to appeal from the judgments rendered by district courts in cases originating in the municipal courts, and this is the law applicable to this case. Consequently this Court lacks jurisdiction over the appeal and the dismissal requested lies.

.The appeal should be dismissed.